IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

G4 GATOR, LLC,

    Plaintiff,

v.                                            CASE NO. 1:22-cv-51-MW-GRJ

QUINCY SCOTT,

    Defendant.
_____/

### **REPORT AND RECOMMENDATION**

On March 2, 2022, *pro se* Defendant Quincy Scott initiated this case by filing a Notice of Removal and a Motion to Proceed *in forma pauperis* ("IFP Motion"). ECF Nos. 1, 2. The underlying suit is a tenant eviction action originally filed in the County Court of the Eighth Judicial Circuit in and for Alachua County, Florida. ECF No. 1 at 3–21. Defendant asserts that there is federal question jurisdiction because Plaintiff has discriminated against Defendant based on race in violation of the United States Constitution, the Fair Housing Act of 1968, and Title VII of the Civil Rights Act of 1964. *Id*. at 1. For the reasons that follow, Defendant's action is due to be dismissed.

On March 3, 2022, the Court issued an order denying Defendant's

1

initial IFP Motion because Defendant did not provide all the information necessary to determine whether he was entitled to proceed as a pauper. ECF No. 3. Defendant was directed either to amend his IFP Motion or to pay the $402 filing fee on or before April 4, 2022, if he wanted to pursue this case. *Id*. at 4. To date, Defendant has done neither.

In addition, this Court addressed in its order the Court's lack of subject matter jurisdiction over the claims in the eviction complaint. ECF No. 3. A defendant in state court may only remove a case in which the federal district court would have original jurisdiction over the action. 28 U.S.C. §§ 1441(a), (b); see also *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). Under 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. The Court also has subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Defendant does not argue in his notice of removal that this Court has jurisdiction based on diversity, and diversity cannot serve as the basis for jurisdiction for two reasons. First, the amount in controversy does not meet the $75,000.00 statutory threshold, and second, only an out of state

defendant, not a Florida citizen, may remove an action to federal court on the basis of diversity.  ECF No. 1.

Instead, Defendant asserts that the Court has federal question jurisdiction.  However, "a cause of action arises under federal law only when the [state-court] plaintiff's well-pleaded complaint raises issues of federal law."  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  This well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Further, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Id*. at 393; *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim.").

Defendant alleges violations of the United States Constitution, the Fair Housing Act, and Title VII in response to the eviction action.  ECF No. 1.  He also asserts that a procedural due process violation occurred in the County Court of the Eighth Judicial Circuit in and for Alachua County.  *Id*.  But the underlying eviction complaint itself does not raise issues of federal

3

law and is instead grounded in state law.  ECF Nos. 1 at 3–21; 3 at 3.  Because of that, Defendant may assert his alleged federal constitutional and statutory injuries as defenses or counterclaims in state court if he chooses, but his defenses or counterclaims do not satisfy federal question jurisdiction. *Taylor*, 481 U.S. at 63.  Defendant also may file an independent action in federal court if he believes Plaintiff has violated his federal constitutional or statutory rights but, again, those counterclaims or defenses do not establish federal question jurisdiction for removal purposes.  This Court does not have federal question jurisdiction over the state-law eviction complaint.

Finally, Defendant was warned that he may be subject to attorney's fees and costs if the removing party lacked a reasonable basis for seeking removal.  28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").  The Court advised Defendant that there did not appear to be an objectively reasonable basis for removal of the action to federal court and that if he wished to avoid the possible assessment of attorney's fees, he should file a voluntary dismissal of this action before the Plaintiff was forced to respond.  To date,

Defendant has not filed a voluntary dismissal. Nonetheless, because Plaintiff has not responded nor filed a motion to dismiss or remand, the Court declines to award attorney's fees.

## CONCLUSION

Upon due consideration and in light of the foregoing, the undersigned respectfully **RECOMMENDS** that the case initiated by Defendant's Notice of Removal, ECF No. 1, should be **DISMISSED** due to Defendant's failure to amend his initial Motion to Proceed *in forma pauperis* or pay the $402 filing fee, failure prosecute, and failure to comply with an order of the court.

It is **FURTHER RECOMMENDED** that the action should be **DISMISSED** on the independent ground that the Court does not have subject matter jurisdiction over the claims in the underlying eviction complaint.

**IN CHAMBERS** at Gainesville, Florida this 12th day of April 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.